ORVILLE L. LILLY, JR. v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 9119SC120

(Filed 18 February 1992)

**Social Security and Public Welfare § 1 (NCI3d)— food stamp household—adult child without children—separate purchase of meals**
     An adult child who lives at home with his parents and siblings, and who has no minor child of his own, will not be excluded from the computation of the family's food stamp household even if the adult child purchases and prepares meals separately from the others in the home. 7 U.S.C. § 2012(i).

**Am Jur 2d, Welfare Laws §§ 26, 27, 27.6.**

APPEAL by petitioner from judgment entered 14 December 1990 in ROWAN County Superior Court by *Judge Thomas W. Seay, Jr.* Heard in the Court of Appeals 7 November 1991.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague and Sorien K. Schmidt, for petitioner-appellant.*

*Lacy H. Thornburg, Attorney General, by Marilyn A. Bair, Associate Attorney General, for the State.*

GREENE, Judge.

Petitioner appeals from a judgment entered 14 December 1990, affirming respondent's certification of petitioner's household as an eight-person food stamp household.

The procedural history of this case is as follows: on 20 June 1990, petitioner Orville Lilly, pursuant to N.C.G.S. § 108A-52 (1988), applied for food stamps at the Rowan County Department of Social Services (DSS) office, stating on the application that he had an eight-person household consisting of himself, his wife, and six children. One of the six children listed was petitioner's 20-year-old son Dennis Lilly. Dennis has no children of his own. On 5 July 1990, counsel for petitioner notified the county DSS that petitioner wanted his household to be considered a seven-person household, separate from Dennis, on the ground that petitioner purchases and prepares the family's food separately from Dennis. On 13 July 1990, the county DSS denied petitioner's request to be certified as a seven-person household, and instead approved petitioner's application for an eight-person household and for a food stamp allotment of $103.00 for the month of June 1990. It denied petitioner any food stamp allotment for July because the household income, including that of Dennis, who is assistant manager at the Sky City department store in Salisbury, exceeded the gross income limit for an eight-person household.

Petitioner appealed the county DSS decision to the Department of Human Resources (DHR) pursuant to N.C.G.S. § 108A-79(a) (1988). A hearing officer held an administrative hearing on 14 August 1990, pursuant to N.C.G.S. § 108A-79(i) (1988). The evidence at the hearing established that if petitioner's household was certified as a seven-person household, which would exclude Dennis and consequently Dennis' income from the computation of petitioner's food stamp allotment, then in all likelihood petitioner's household would qualify for food stamps. On 10 September 1990, the hearing officer, pursuant to N.C.G.S. § 108A-79(j) (1988), issued a proposal for decision affirming the certification of petitioner's household as an eight-person household. Petitioner presented no oral or written arguments in opposition to the proposal for decision. On 20 September 1990, the designated official of the DHR issued a final decision affirming petitioner's certification as an eight-person food stamp household.

Petitioner, pursuant to N.C.G.S. § 108A-79(k) (1988), filed a petition for judicial review of the final decision in Rowan County

Superior Court on 8 October 1990. After hearing, the superior court entered judgment on 14 December 1990, affirming the final decision of the DHR. Petitioner appeals.

---

The issue presented is whether an adult child who lives at home with his parents and siblings, and who has no minor child of his own, may be excluded from the computation of the family's food stamp household if the adult child purchases and prepares meals separately from the others in the home.

In 1981, Congress amended the statutory definition of "household" in the federal Food Stamp Act, 7 U.S.C. §§ 2011 *et seq.* (1988), to provide that "parents and children who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so . . . ." 7 U.S.C. § 2012(i) (1988). Congress provided an exception to this irrebuttable presumption, *see Robinson v. Block*, 869 F.2d 202, 211-12 (3d Cir. 1989), only when one of the parents was elderly or disabled. 7 U.S.C. § 2012(i) (1988). In a 1986 opinion, the United States Supreme Court discussed the policy supporting "the statutory definition of the term 'household'. . . [which] generally treats parents [and] children . . . who live together as a single household . . . ," whether or not they actually purchase and prepare meals separately. *Lyng v. Castillo*, 477 U.S. 635, 636, 91 L. Ed. 2d 527, 531 (1986). The Court noted that "Congress could reasonably determine that close relatives sharing a home — almost by definition — tend to purchase and prepare meals together . . . ." *Id.* at 642, 91 L. Ed. 2d at 535. Moreover, "the cost-ineffectiveness of case-by-case verification" to ensure that close relatives living together actually purchase and prepare meals separately, coupled with the potential for mistake and fraud in obtaining additional food stamp benefits, "unquestionably warrants the use of general definitions in this area." *Id.* at 641, 91 L. Ed. 2d at 534-35.

In 1987, Congress established another exception to the general rule that parents and children living together are to be treated as a single food stamp household:

(i) 'Household' means . . . (3) a parent of minor children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children) who customarily purchase food

and prepare meals for home consumption separate from other persons . . . .

7 U.S.C. § 2012(i)(3) (1988). Petitioner argues that the addition of clause (3), above, to the definition of "household" allows his household to qualify as a seven-person household because his adult son Dennis purchases and prepares meals separately from the rest of the family. Specifically, petitioner argues that Congress intended the phrase "and that parent's children" to refer to the parent's minor *and* adult children, and the phrase "(notwithstanding the presence in the home of any other persons . . .)" to include the adult children of the parent with minor children. Construing the statute in this manner, petitioner argues that his son Dennis, as an adult child living with petitioner but not customarily purchasing and preparing meals with the rest of the family, is not to be included as a member of petitioner's food stamp household since petitioner also has minor children living in the home. Respondent, on the other hand, contends that clause (3) in the definition of food stamp "household" excepts from the parent/child single household presumption children who are living with their parents, but who have and are caring for minor children of their own, and who purchase and prepare their meals separately from the others in the home.

We reject petitioner's strained construction of clause (3), and conclude that respondent's interpretation is consistent with the plain meaning of the statute. However, even if we were to find ambiguous the portion of the statute at issue, both the legislative history of clause (3) and the regulations promulgated by the agency charged with the administration of the Food Stamp Act reveal the true meaning of the statute. *See Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973) (court must apply statute in such a manner as to give effect to the legislative intent, which may be determined by statute's legislative history); *Walls & Marshall Fuel Co. v. North Carolina Dep't of Revenue*, 95 N.C. App. 151, 155-56, 381 S.E.2d 815, 818 (1989) ("the construction adopted by those who execute and administer the statute is evidence of what it means"); *see also Wilson v. Lyng*, 856 F.2d 630, 634 (1988) (where a statutory term can support either of two meanings, deference is owed to the interpretation of the agency charged with administering the statute).

The legislative history indicates, contrary to petitioner's argument, that Congress did not intend to allow adult children with

no children of their own, who live at home with their parents, to be excluded from the computation of the food stamp household:

> The Senate amendment allows *three generations* living together to form two separate households if the parents with minor children purchase and prepare meals separately from the *grandparents*.

H.R. Conf. Rep. No. 100-174, 100th Cong., 1st Sess. (1987), *reprinted in* 2 1987 U.S.C.C.A.N. 441, 482 (emphases added). This report demonstrates Congress' intent to except from the presumption that parents and children who live together purchase and prepare meals together only those children who are living at home with their parents and are themselves parents of minor children, and are purchasing and preparing meals for themselves and their minor children separately from the others in the home. Dennis does not fall into this category, specifically because Dennis is not a parent of minor children; only two generations live in petitioner's home — petitioner and his wife, and their children.

Furthermore, pursuant to 7 U.S.C. § 2013(c) (1988), the Secretary of Agriculture promulgated federal regulation 7 C.F.R. § 273.1(a) (1991), which provides in pertinent part the following interpretation of the Food Stamp Act's definition of "household":

> (a) Household definition—. . . (c) Parent(s) living with their natural, adopted, or stepchild(ren) and such child(ren) living with such parent(s), unless at least one parent is elderly or disabled . . . . If the natural, adopted, or stepchild is a parent of minor children and he/she and the children are living with his/her parent(s), the parent of the minor children, together with such children, may be granted separate household status . . . .

7 C.F.R. 273.1(a)(2)(c) (1991). As indicated, section (c) of this regulation interprets the statutory exception to the parent/child single household presumption as granting separate household status, in the context of the instant case, only to a child who (1) lives at home with his or her parents, (2) has a minor child or children of her own, and (3) purchases and prepares meals for herself and her children separately from the others in the home.

Petitioner raises for the first time in his brief the contention that clause (3) in the definition of "household," as we have interpreted it, violates the Equal Protection Clauses of both the North

Carolina and the United States Constitutions. Petitioner failed to raise this constitutional issue at the state agency hearings, or to include this issue in his petition for judicial review, or to argue this issue before the superior court, or to make this issue the basis of any assignment of error. Accordingly, we are precluded from addressing this issue. *See State v. Parks*, 290 N.C. 748, 752, 228 S.E.2d 248, 250 (1976) (constitutional questions must have been presented to and passed upon by the trial court in order to be asserted on appeal).

For the foregoing reasons, we conclude that the superior court correctly affirmed respondent's decision certifying petitioner's household as an eight-person household.

Affirmed.

Judge PARKER concurs.

Judge WYNN concurs in the result only.