O. S. STEEL ERECTORS v. JOHN C. BROOKS, COMMISSIONER OF LABOR OF NORTH CAROLINA

No. 8610SC779

(Filed 17 March 1987)

1. **Master and Servant § 114— working without safety rope—willful-serious violation of OSHA regulation—sufficiency of evidence**

Evidence before the Safety and Health Review Board was sufficient to support a conclusion that petitioner had committed a willful-serious violation of an OSHA regulation where the evidence showed that petitioner's employee walked along 10-inch wide steel beams at a height of 40 to 60 feet; he performed tasks while balanced on the beams; at no time was he secured by a safety rope; petitioner had been cited at least four previous times for similar violations; the employee stated to the inspectors that his supervisor knew he was not using his safety belt; the employee testified that he could "get along with" not using his belt; and the supervisor was present at this job site at times when the employee was not using his belt.

2. **Master and Servant § 114— violation of OSHA regulation—defense of isolated employee misconduct not established**

In a proceeding for judicial review of citations for violations of OSHA regulations with regard to wearing safety belts, petitioner failed to establish the defense of isolated employee misconduct where the evidence showed that the supervisor had observed the employee working on 10-inch wide steel beams on the third and fourth floors without tying off, giving the employer actual knowledge of the violation; the employer had no effectively communicated and enforced work rule on safety belts; and no disciplinary action had been taken against the employees involved in four previous citations, one of which involved this same employee.

3. **Master and Servant § 114— OSHA violations—time for respondent to file complaint enlarged—no error**

Petitioner was not prejudiced where the Safety and Health Review Board enlarged the time available to respondent Commissioner of Labor to file its complaint, since petitioner's original notice of contest was not timely, and, had the Board not exercised its discretion to reopen the case, the citations against petitioner would not have been reviewable at all.

O. S. Steel Erectors v. Brooks, Com'r. of Labor

APPEAL by petitioner from *Brannon, Judge.* Order entered 17 March 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 6 January 1987.

Petitioner-appellant O. S. Steel Erectors is in the business of constructing the steel frames of buildings. In August of 1978, petitioner was the subcontractor erecting the structural steel for the state Agriculture Building in Raleigh. On 22 August 1978, an inspector for the Occupational Safety and Health Act (OSHA) Division of the respondent-appellee North Carolina Department of Labor conducted an inspection of appellant's construction site. As a result of the inspection, appellant was issued two citations. The first was for a "willful-serious" violation of OSHA regulations in allowing workers to work on steel beams over 30 feet off the ground without safety nets or a safety belt. The proposed fine for this violation was $1800. Another citation issued to appellant charged a "serious" violation in failing to provide ladders for safe access to all elevations on the job site. This citation carried a proposed penalty of $900.

Both citations and proposed penalties were upheld on administrative review. Petitioner applied for judicial review to the Superior Court of Wake County. On 13 October 1983, Judge James H. Pou Bailey entered an order dismissing the second citation and remanding the first to the agency for further findings on whether the violation was willful-serious, serious, or non-serious. Neither side appealed this ruling. On 17 December 1984, the Safety and Health Review Board again upheld the first citation. Upon judicial review of that agency decision, Judge Brannon affirmed the agency finding of a "willful-serious" violation of the OSHA regulations. Petitioner appeals.

*Seavy A. Carroll for petitioner-appellant.*

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Ralf F. Haskell for respondent-appellee.*

PARKER, Judge.

The central question presented on this appeal is whether there was substantial evidence in the record before the Safety and Health Review Board justifying a conclusion that petitioner had committed a willful-serious violation of an OSHA regulation.

A "serious violation" is defined in G.S. 95-127(18) as being the existence of a condition in the work place from which there is a "substantial probability that death or serious physical harm could result . . . ." Although "willful" is not defined in the statute, G.S. 95-138 provides that "[a]ny employer who willfully or repeatedly violates the requirements of this Article, any standard, rule or order promulgated pursuant to this Article, or regulations prescribed pursuant to this Article, may . . . be assessed . . . a civil penalty of not more than ten thousand dollars . . . ." A violation is deemed to be willful when there is shown " 'a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another.' " *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E. 2d 345, 350 (1971), quoting *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37 (1929).

As a preliminary matter, we note that respondent's contention that the findings and conclusions of the Review Board should be binding on this appeal because petitioner noted no exceptions thereto is without merit. An appeal to the judiciary from an adverse agency decision under OSHA is made subject to the provisions of the North Carolina Administrative Procedure Act, G.S. 150A-1, *et seq.*, by G.S. 95-141. Although G.S. 150A has since been replaced by G.S. 150B-1, *et seq.*, the provisions of G.S. 150A still apply to this case, as it is a contested case begun before 1 January 1986. *See* 1985 N.C. Sess. Laws ch. 746, s. 19. Under G.S. 150A-46, the exceptions taken by a party aggrieved by a final agency decision are to be specifically set out in the party's petition for judicial review. There is no requirement to note exceptions on the agency decision itself. In its petition for judicial review, petitioner states that it "excepts to each of the . . . findings of fact and . . . conclusions of law" made by the Safety and Health Review Board. This notation is sufficient for superior court review of the "whole record" under G.S. 150A-51(5). Review in this Court, however, is limited to the exceptions and assignments of error set forth by petitioner to the order of the superior court. G.S. 150A-52; N.C. Rule App. Proc. 10(a).

Petitioner first assigns error to the findings by the superior court that there was substantial evidence supporting the conclusion of the Review Board that the violation was willful and serious. Petitioner had been fined for a violation of 29 CFR §§ 1926.28(a) and 1926.104, federal regulations adopted as a part

O. S. Steel Erectors v. Brooks, Com'r. of Labor

of the state regulatory scheme pursuant to G.S. 95-131(a). The regulations require all workers who are working over twenty-five feet above the ground to wear safety belts with a lifeline, if safety nets are not provided.

The evidence presented at the administrative hearing showed that on 22 August 1978, petitioner was the steel erector subcontractor for an addition to the Agriculture Building in Raleigh. The job was a relatively small one, so only Mr. Edwin G. Ostendorf, the general manager and owner of O. S. Steel Erectors, and one employee were required. Mr. Ostendorf operated the company's crane, lifting steel beams up to the employee who bolted them in place. The employee, William Kiernan, wore a safety harness but did not "tie off," that is, use a safety line to connect the belt to something which could hold him should he fall.

At one point in the day, Mr. Ostendorf left the job site while the employee continued to work on the steel structure. Directly adjacent to the Agriculture Building, where petitioner was working, is the Labor Building which houses, among other things, the state OSHA inspections department. The Chief of Inspections, Mr. Willard Quinn, testified that he looked out an office window in the Labor Building and saw Mr. Kiernan working on the steel frame without a safety belt. Mr. Quinn got a camera and another inspector and took pictures of the job site. The two then identified themselves to the employee as OSHA inspectors. The employee admitted not wearing his safety belt and, according to the inspectors, said that it was common for him not to wear it and that Mr. Ostendorf knew this. Mr. Kiernan signed a handwritten statement which read, in relevant part: "I have work [sic] on the 3rd and 4th stories on the structural steel without hooking up any safety belt. Mr. Ostendorf observed me without my safety belt hooked-up."

Petitioner's evidence tended to show that Mr. Kiernan did not understand the statement when he signed it. He testified that he only meant to say that his supervisor had seen him without the safety belt only at times when he believed a safety belt was not required, while he was "connecting" the structural steel beams. Mr. Ostendorf testified that he had given Mr. Kiernan explicit instructions to wear his safety belt while doing the work while Mr. Ostendorf was gone.

Other evidence presented showed that O. S. Steel had been cited at least four previous times for the same violation, resulting in fines totaling $1335, and that petitioner had no written safety program and no specific policy on instructing employees on safety.

Our scope of review of the agency decision is limited to an examination of the entire administrative record to determine whether the findings and conclusions of the agency are supported by evidence which is competent, material and substantial. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 341 S.E. 2d 588 (1986). If this Court determines that the agency's findings are so supported, those findings are conclusive on appeal. *Id.* This Court may not substitute its judgment for that of the agency in weighing equally reasonable conclusions. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977).

[1]    First, it is apparent from a review of the whole record that the violation was "serious" within the meaning of G.S. 95-127(18). The evidence showed that petitioner's employee would walk along ten-inch-wide steel beams at a height of 40 to 60 feet above the ground. The employee would also perform work tasks while balanced on those beams. At no time was he secured by a safety rope. Clearly, such a condition presents the possibility of an accident which would carry a substantial probability of death or serious injury. *See Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 281 S.E. 2d 24 (1981).

The evidence supporting the finding and conclusion that the violation was willful is that petitioner had been cited at least four previous times for similar violations; that the employee stated to the inspectors that his supervisor knew he was not using his safety belt; that the employee testified that he could "get away with" not using his belt; and that the supervisor was present at this job site at times when the employee was not using his belt. Evidence to the contrary presented by petitioner was that the employer believed the employee was not required to use his safety belt during the time when Mr. Ostendorf observed him on the day of the citation because the worker was "connecting," and that it was only when he left the job site, after specifically instructing his employee to tie-off the safety belt, that the worker went on to do tasks requiring a belt without tying off. However, the inspector

testified that OSHA regulations made no exceptions to the rule requiring safety belts while workers are "connecting." Further, one of the previous citations issued to petitioner had been for failure of his workers to tie-off with safety belts while "connecting." Thus, substantial evidence supports the conclusion that the violation was "willful." That is, that it was a deliberate disregard of a duty, imposed by statute, regulation or contract, necessary to the safety of a person or property. *See Brewer v. Harris, supra.*

[2] Petitioner next contends that the superior court erred in upholding the finding of the Review Board that petitioner failed to establish the defense of isolated employee misconduct. In order to show that the safety violation was the result of isolated employee misconduct, the employer must show that it had taken all feasible steps to prevent an accident from occurring; that the employee action was contrary to an effectively communicated and enforced work rule; and that the employer had neither actual nor constructive knowledge of the violation. *See Daniel International Corp. v. Occupational Safety and Health Comm.*, 683 F. 2d 361 (11th Cir. 1982). The evidence showed that the supervisor had observed the employee working on the third and fourth floors without tying off, giving the employer actual knowledge of the violation. The evidence further showed that the employer had no "effectively communicated and enforced" work rule on safety belts. No disciplinary action had been taken against the employees involved in the previous citations, one of which involved this same employee. The employer had no specific written or stated policy or rules on the use of safety equipment. The conclusion of the Review Board that the employer had failed to show that the violation was isolated employee misconduct is supported by the evidence in the whole record.

[3] Petitioner next assigns as error the finding of fact by the superior court that the Review Board acted within its discretion in enlarging the time available to respondent to file its complaint. Petitioner argues that the complaint was not timely filed and should have been dismissed. The statute governing the Safety and Health Review Board requires a cited employer to give a notice of contest within 15 working days in order to be entitled to an evidentiary hearing. G.S. 95-137(b)(1). The Commissioner of Labor is then given 20 days from the receipt of the notice of contest to file a complaint against the employer. In this case, the

citation was issued on 1 September 1978. On 11 September, the Review Board received a letter from petitioner's attorney which it treated as a letter of contest and ordered a hearing set. The Commissioner of Labor filed his complaint on 28 September. On 2 October, petitioner filed an answer denying that the letter of 11 September was intended as a letter of contest. Upon stipulation of the Commissioner of Labor, the case was dismissed by the Board on 13 October.

In the meantime, petitioner had sent a letter dated either 19 September (within the permissible time limits) or 25 September (outside the permissible time limits) to the Review Board announcing its intention to contest the citation. The discrepancy arose from a motion to dismiss filed by petitioner on 31 October, alleging that the Commissioner had not filed a timely response to its 19 September letter of contest. A letter dated 19 September was attached to the motion. However, the copy of the letter received by the Commissioner was dated 25 September, and a copy of it was attached to a reply to petitioner's motion to dismiss. Petitioner then filed a "Motion to Amend Erroneous Pleading," acknowledging that the notice of contest had been dated 25 September, not 19 September. Under the statute, then, the citations could have been treated as binding on petitioner for failure to file a timely notice of contest, G.S. 95-137(b)(1), for the record shows that the 25 September notice of contest was filed more than 15 working days after the issuance of the citation.

However, respondent then filed a motion with the Review Board to overrule its previous order dismissing the action and to set a hearing on the merits as being in the best interests of all the parties. The motion was granted and the matter set for hearing. Petitioner now attempts to argue that the matter should have been dismissed for failure of the Commissioner to timely respond to its 25 September notice of contest. What this argument ignores is that the 25 September notice of contest was not timely itself and that, had the Board not exercised its discretion to reopen the case, the citations would not have been reviewable at all. Clearly, then, no prejudice to petitioner resulted from the Review Board's discretionary reopening of the case. The assignment of error is overruled.

Petitioner's final assignment of error is that the superior court erred in upholding the $1800 fine imposed upon it as a re-

sult of the citation. However, petitioner's arguments in support of this assignment are largely repetitious in that petitioner argues that it was an abuse of discretion for the Review Board to impose a fine of $1800 where there was no substantial evidence that the violation was "willful-serious." As we have earlier disposed of these arguments adversely to petitioner, and as it appears that the fine is well within the established guidelines for a violation of this nature, the assignment of error is overruled.

Having carefully reviewed the evidence contained in the entire record before us, we conclude that the order of the Review Board finding petitioner guilty of a "willful-serious" violation of a safety regulation is supported by substantial evidence and is not an abuse of discretion. Therefore, the order appealed from must be and is hereby

Affirmed.

Judges WELLS and MARTIN concur.