WALLS & MARSHALL FUEL CO., INC. v. N.C. DEPARTMENT OF REVENUE

No. 8828SC1128

(Filed 15 August 1989)

**Taxation § 31.1— discount for prompt payment of bill—"cash discount"—sales tax levied on discount**

The conclusion of the Department of Revenue that the discount offered by the taxpayer for prompt payment constituted a "cash discount" within the meaning of N.C.G.S. § 105-164.3(6) was supported by substantial evidence in light of the whole record, and the Department could therefore properly make an assessment based on the discounts.

APPEAL by petitioner from *Lewis (Robert D.), Judge.* Order entered 2 August 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 April 1989.

*Adams, Hendon, Carson, Crow & Saenger, P.A., by Philip G. Carson and Lori M. Glenn, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

GREENE, Judge.

Walls & Marshall Fuel Co., Inc. (hereinafter "taxpayer") appeals an order of the Buncombe County Superior Court affirming Administrative Decision No. 243 of the Tax Review Board by which taxpayer was assessed sales tax in the amount of $24,116.22 by the Department of Revenue.

The taxpayer is a corporation engaged in the business of selling fuel oil at retail based on a stated price per gallon. Its principal place of business is in Asheville, North Carolina. By means of a document entitled "Discount Notice" attached to each bill of sale or invoice, the taxpayer offered its customers the option to "deduct 8 cents per gallon it paid within 3 days from delivery." In practice, if a customer paid his bill within three days of the time limit, the taxpayer reduced the retail sales price by eight cents per gallon and the customer paid sales tax on the reduced sales price of the fuel oil. The taxpayer then remitted to the Department of Revenue the sales tax received on the reduced amount. The taxpayer's books and records accounted for this transaction as a payment received in the net amount after discount combined with a credit adjustment in the amount of the discount and the tax applicable to such discount.

An audit of the taxpayer's books and records conducted on behalf of the Department of Revenue for the period 1 February 1983 through 31 December 1985 was completed on 10 February 1986. Based upon the audit report and pursuant to N.C.G.S. Sec. 105-241.1, a Notice of Sales and/or Use Tax Assessment in the amount of $24,116.22 was issued to the taxpayer on 27 February 1986.

The taxpayer timely objected to the proposed assessment, requested a written statement of the information and evidence upon which the proposed assessment was based, and requested a hearing before the Secretary of Revenue. The taxpayer's objection was only in regard to that portion of the proposed assessment which was based upon the taxation of the discounts. A hearing was held before a Deputy Secretary of Revenue on the question "[w]hether

WALLS & MARSHALL FUEL CO. v. N.C. DEPT. OF REVENUE

[95 N.C. App. 151 (1989)]

discounts offered by a retailer as an incentive for prompt payment for retail sales of tangible personal property are 'cash discounts' within the meaning of G.S. 105-164.3(6)?" The Deputy Secretary concluded that the discounts offered by taxpayer are "cash discounts" within the meaning of the statute and therefore the assessment was sustained.

The taxpayer appealed to the Tax Review Board which entered Administrative Decision No. 243 affirming the final decision of the Deputy Secretary of Revenue. On appeal to the Superior Court of Buncombe County, the decision of the Tax Review Board was affirmed.

———

The issue presented for review is whether the Tax Review Board erred by affirming Deputy Secretary of Revenue because the administrative decision was not supported by substantial evidence in light of the whole record.

The scope of review of a decision of an administrative agency is governed by the Administrative Procedure Act. N.C.G.S. Sec. 150B-1-150B-64 (1987). Specifically, this appeal is governed by Chapter 150B as this case was commenced after 1 January 1986. *See Watson v. N.C. Real Estate Comm'n,* 87 N.C. App. 637, 638, 362 S.E.2d 294, 296 (1987), *cert. denied,* 321 N.C. 746, 365 S.E.2d 296 (1988). Under Section 150B-51, this court may "reverse or modify" the tax review board only if:

the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. Sec. 150B-51(b) (1987). "Review in this court is further limited to the exceptions and assignments of error set forth to the order of the superior court" and by the arguments made in brief. *Watson*, 87 N.C. App. at 639, 362 S.E.2d at 296; App. R. 10(a) (exceptions not made the basis of an assignment of error may not be considered on appeal); App. R. 28(b)(5) (exceptions in support of which no argument is stated in brief will be abandoned). As taxpayer only argues in his brief that the decision is unsupported by substantial evidence in view of the "whole record" test, we decline to review this decision under the other standards of Section 150B-51. Under Section 150B-51(5), we review the agency's decision according to the "whole record" test. *Watson*, 87 N.C. App. at 639, 362 S.E.2d at 296. The "whole record" test requires the reviewing court to examine all the competent evidence and pleadings which comprise the "whole record" to determine if there is substantial evidence in the record to support the administrative tribunal's findings and conclusions. *Community Sav. & Loan Ass'n v. North Carolina Sav. & Loan Comm'n*, 43 N.C. App. 493, 497, 259 S.E.2d 373, 376 (1979); N.C.G.S. Sec. 150B-51(b)(5) (1987). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Commissioner of Insurance v. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977). The "whole record" test does not allow the reviewing court to replace the agency's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been heard before it *de novo. Community Sav. & Loan Ass'n*, 43 N.C. App. at 497, 259 S.E.2d at 376.

The taxpayer does not contest that its retail sales of fuel oil in North Carolina are subject to the combined state and local sales tax. The taxpayer likewise does not contest that the amount of tax is to be determined by application of the state and county rates to gross sales and rentals. *See* N.C.G.S. Sec. 105-164.4 (1985). Taxpayer's sole argument is that the conclusion of the Department of Revenue that the discount offered by the taxpayer for prompt payment constitutes a "cash discount" within the meaning of N.C.G.S. Sec. 105-164.3(6) is not supported by substantial evidence in light of the "whole record" test. We disagree with the taxpayer.

The term "gross sales" is defined by statute as:

the sum total of all retail sales of tangible personal property as defined herein, whether for cash or credit *without allowance*

*for cash discount* and without any deduction on account of the cost of the property sold, the cost of the materials used, labor or service costs, interest paid or any other expenses whatsoever and without any deductions of any kind or character except as provided in this Article.

N.C.G.S. Sec. 105-106.3(6) (1985) (emphasis added). "Usually, words of a statute will be given their natural, approved, and recognized meaning." *Black v. Littlejohn*, 312 N.C. 626, 638, 325 S.E.2d 469, 477 (1985). Black's Law Dictionary defines "cash discount" as "[a] deduction from billed price which seller allows for payment within a certain time; *e.g.*, 10% discount for payment within 10 days." Black's Law Dictionary 196 (5th ed. 1979). Webster's Dictionary defines "cash discount" as "a discount granted in consideration of immediate payment or payment within a prescribed time." Webster's Third New International Dictionary (1968).

The taxpayer in this case offered an "8 cents per gallon" discount if the bill was paid "within three days from delivery." This price reduction option offered by the taxpayer to its customers falls within the recognized meaning of "cash discount" because it is a "deduction from billed price which seller allows for payment within a certain time." Taxpayer concedes that if the discount offered in this case were one or two percent off the invoice or billed price, it would be a "cash discount" because it would be the equivalent to a financing charge usually imposed on bills not paid within a certain period of time. Taxpayer argues, however, that because the reduction in price here is a 10 per cent reduction (8 cents reduction on fuel oil costing 80 cents per gallon) and therefore in excess of the usual finance charges, it is not a "cash discount." Instead, taxpayer contends it should be treated the same as a sales price reduction offered by department store merchants who use such price reductions to induce customers into their places of business. The size of the discount is irrelevant if it is given in consideration for payment within a prescribed time. Accordingly, we conclude the discount given by taxpayer to its customers is a "cash discount" under the plain language of N.C.G.S. Sec. 164.3(6).

Assuming *arguendo* that the language of N.C.G.S. Sec. 164.3(6) is not clear and unambiguous, we would still conclude the taxpayer has failed to show the agency's decision was not supported by substantial evidence. In interpreting an ambiguous statute, the construction adopted by those who execute and administer the statute

is evidence of what it means. *Commissioner of Ins. v. N.C. Auto. Rate Administrative Office*, 294 N.C. 60, 67, 241 S.E.2d 324, 329 (1978). However, final interpretation of a statutory term is a judicial function. *Utilities Comm'n v. Public State-North Carolina Utilities Comm'n*, 58 N.C. App. 453, 458-59, 293 S.E.2d 888, 892 (1982).

North Carolina Administrative Code Title 17, Chapter 7, Subchapter 7B, Rule .0108(b) states in pertinent part that:

> [a] cash discount is not a price reduction, and the tax must be computed and paid on the sales price before allowance for cash discount. Generally, a *cash discount is a deduction from the sales price which the seller allows the customer for prompt payment of the bill.*

N.C. Admin. Code Title 17, Chap. 7, Subchap. 7B, Rule .0108(b) (1988) (emphasis added). Under the language of this section of the Administrative Code, the discount given by the taxpayer in this case is a "cash discount" because the price reduction was a "deduction from the sales price which seller allow[ed] the customer for prompt payment of the bill." Therefore, we conclude there was substantial evidence to support the agency's decision that sales tax was due under N.C.G.S. Sec. 164.3(6).

We note that taxpayer's second issue presented for review which questions whether the Tax Review Board's decision was in excess of statutory authority was not argued in brief. Taxpayer's second argument consisted only of repetitious arguments on the first issue. Accordingly, we decline to discuss the second issue as the exceptions upon which it is based are deemed abandoned. App. R. 28(b)(5).

Affirmed.

Judges ARNOLD and LEWIS concur.