SAVE OUR RIVERS, INC. AND JOHNNY R. WALKER, MARY E. WALKER, HELEN C. BAYLEY, GEORGE C. LANERI, ELIZABETH C. LANERI, PAT THOMPSON, DOUG THOMPSON, MORRIS BRYSON, JANICE McCLURE, ALENE MUNGER, KIM THOMPSON, EUNICE QUEEN, JOHN NORTHERN, JOYCE NORTHERN, NELLIE CARPENTER, CHRISTINE WEBB, BUTCH DEAL, W. M. MOSES, JAMES STEPHEN RABY, PEARL MOSES, BETA TILSON, HALLIE STILES, JACK McEACHIN, CLAIRE McEACHIN, JOSEPH J. JOHNSON, RUTH C. JOHNSON, ROBERT WATERS, JAMES BOWSER, PAUL E. GEER, FLORENCE GEER, CAROLINE RONEY, DANNY McDOWELL, VIRGIL L. WATKINS, ROSALIE K. WATKINS, RANDY KUSHIN, ROBERT J. WILLIAMS AND MARY EDWARDS, PETITIONERS v. TOWN OF HIGHLANDS, N.C. DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, DIVISION OF ENVIRONMENTAL MANAGEMENT, AND WILLIAM W. COBEY, JR., SECRETARY, RESPONDENTS

No. 9330SC382

(Filed 1 March 1994)

1. **Administrative Law and Procedure § 77 (NCI4th)— denial of remand to take additional evidence—additional evidence cumulative**

The trial court did not err in denying petitioners' petition for remand to the Division of Environmental Management for the taking of additional evidence pursuant to N.C.G.S. § 150B-49, since there was competent evidence in the record to support findings that the proposed new evidence was cumulative and

**SAVE OUR RIVERS, INC. v. TOWN OF HIGHLANDS**

[113 N.C. App. 716 (1994)]

not materially different from that considered by the administrative agency when the decisions were made.

**Am Jur 2d, Administrative Law § 381.**

2. **Administrative Law and Procedure § 55 (NCI4th); Environmental Protection, Regulation, and Conservation § 71 (NCI4th) — modification of NPDES permit — right of petitioners to judicial review — specificity required of petition**

Petitioners were entitled to judicial review of DEHNR's decision to modify respondent city's wastewater treatment plant discharge permit, since petitioners were aggrieved parties in that they were residents of the county who used the river in question for recreational, religious, and other purposes and owned land adjoining the river; the decision making process of holding a public hearing, receiving public comments, and conducting water quality modeling constituted a "contested case"; DEHNR's decision to modify the city's permit was a "final decision" in a contested case; petitioners had exhausted their only available administrative remedy by participating in the agency's decision making process; petitioners' petition for judicial review sufficiently identified the exceptions petitioners had to the agency decision; petitioners were obviously challenging the agency's failure to perform an environmental assessment before modifying the city's permit because the agency determined the modification was a "minor construction activity"; and petitioners were not required to allege in their petition the particular reason under N.C.G.S. § 150B-51(b) which was the basis for reversing or modifying the agency decision. N.C.G.S. § 150B-43.

**Am Jur 2d, Administrative Law §§ 575, 576; Pollution Control §§ 153 et seq., 499.**

Appeal by petitioners from order entered 4 December 1992 in Macon County Superior Court by Judge Robert D. Lewis. Heard in the Court of Appeals 2 February 1994.

*Roberts Stevens & Cogburn, P.A., by William Clarke, for petitioner-appellants.*

*John C. Hunter for respondent-appellee Town of Highlands.*

**SAVE OUR RIVERS, INC. v. TOWN OF HIGHLANDS**

[113 N.C. App. 716 (1994)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General Kathryn Jones Cooper, for respondent-appellees N.C. Department of Environment, Health and Natural Resources, Division of Environmental Management, and Jonathan B. Howes, Secretary.*

GREENE, Judge.

Save Our Rivers, Inc. (SORI), Johnny R. Walker, Mary E. Walker, Helen C. Bayley, George G. Laneri, Elizabeth C. Laneri, Pat Thompson, Doug Thompson, Morris Bryson, Janice McClure, Alene Munger, Kim Thompson, Eunice Queen, John Northern, Joyce Northern, Nellie Carpenter, Christine Webb, Butch Deal, W.M. Moses, James Stephen Raby, Pearl Moses, Beta Tilson, Hallie Stiles, Jack McEachin, Claire McEachin, Joseph J. Johnson, Ruth C. Johnson, Robert Waters, James Bowser, Paul E. Geer, Florence Geer, Caroline Roney, Danny McDowell, Virgil L. Watkins, Rosalie K. Watkins, Randy Kushin, Robert J. Williams, and Mary Edwards (petitioners) appeal, after petitioning for judicial review in Macon County Superior Court of a permit modification issued by the Division of Environmental Management (DEM), a division of the N.C. Department of Environment, Health, and Natural Resources (DEHNR), to the Town of Highlands (Highlands), from a 4 December 1992 order concluding that "[p]etitioners' request . . . that an environmental impact statement or an environmental assessment of the 1991 Permit Modification be required is beyond the scope of review set forth in this Court's Order dated, 16 July 1992, and G.S. 150B-49." Petitioners also appeal from the denial of their alternative request in the petition to remand to the DEM because petitioners failed to meet "the criteria for remand in accordance with G.S. 150B-49" which allows the introduction of new evidence.

On 26 January 1986, Highlands received, at its request, a modification of its existing National Pollutant Discharge Elimination System (NPDES) Permit No. NC0021407, increasing the capacity of the town's existing wastewater treatment plant from .248 million gallons per day (MGD) to .500 MGD and permitting discharge at the Mill Creek site already allowed in the existing permit and at an additional point in the Cullasaja River below Lake Sequoyah Dam. Highlands' permit, allowing the requested limits of .500 MGD to be discharged into Mill Creek and the Cullasaja River from the existing wastewater treatment plant, was renewed in 1988. In October 1990, Highlands applied to the DEM to modify its permit

to reflect that Highlands could begin to discharge .500 MGD at the same point on the Cullasaja River below Lake Sequoyah Dam from a new facility to be located at the Cullasaja River discharge point, rather than from the existing facility at Mill Creek.

Despite considerable opposition to the permit modification exhibited at a 31 January 1991 public hearing, through a petition signed by 4,088 Macon County citizens, and through objections by the North Carolina Wildlife Resources Commission, the U.S. Fish and Wildlife Service, U.S. Senator Terry Sanford, and Lacy Thornburg (Thornburg), then Attorney General of North Carolina, DEM issued the permit modification on 3 April 1991 without any evaluation of potential adverse impacts on the environment of the Cullasaja River and Macon County and without any evaluation of alternative methods of wastewater treatment. DEM conducted "full water quality modeling to assure that the permitted discharge would not contravene applicable State water quality standards or otherwise have an adverse effect on the receiving stream" and determined that the permit modification represented a "minor construction activity" which falls under the minimum criteria rules of the Environmental Management Commission set out at N.C. Admin. Code tit. XV, subch. 1C § .0504(3)(a) (February 1990) such that DEM was not required to prepare environmental documents under the North Carolina Environmental Policy Act (NCEPA) or DEM's own regulations.

On 1 May 1991, petitioners filed a petition for contested case hearing with the Office of Administrative Hearings (OAH) challenging the permit modification's validity on the grounds that the permit modification was not minor, but authorized a new surface treatment facility with a 500,000 gpd discharge capacity and that the NCEPA and DEM's regulations required preparation of an environmental assessment to evaluate the potential adverse impact on the Cullasaja River. On 30 August 1991, DEHNR and Highlands moved to dismiss for lack of subject matter jurisdiction which was denied by Senior Administrative Law Judge Beecher R. Gray on 23 September 1991. On 1 October 1991, DEHNR and Highlands petitioned Wake County Superior Court for a writ of certiorari and writ of supersedeas. After a hearing on 3 February 1992, Judge Narley L. Cashwell issued an order that the superior court has exclusive jurisdiction over judicial review of petitioners' challenge to the NPDES permit issued to Highlands and therefore ordered OAH to dismiss petitioners' action for lack of subject matter-jurisdic-

tion. SORI appealed that decision to this Court which affirmed the superior court's dismissal. *Town of Highlands v. Save Our Rivers, Inc.*, 111 N.C. App. 458, 434 S.E.2d 252 (1993) (unpublished opinion).

On 27 February 1992, petitioners filed a petition with Macon County Superior Court for judicial review of the permit modification pursuant to Article 4 of Chapter 150B. In their petition, petitioners stated that "the Permit Modification was issued by the . . . DEM of DEHNR on April 3, 1991, without any evaluation of potential adverse impacts on the environment of the Cullasaja River and Macon County and without any evaluation of alternative methods of wastewater treatment" and that they "bring this action now to protect and preserve their right to have the substantive issues herein reviewed by the Superior Court." In addition, petitioners attached their petition for contested case filed with OAH and the entire record of proceedings in OAH to their petition for judicial review. In the record of the OAH proceedings, there is a memorandum to Dr. George Everett from Brenda J. Smith (Smith) summarizing the public meeting held 31 January 1990 about the permit modification. Smith stated that "[r]equests for an Environmental Assessment were also made . . .," and that "[s]pecifically, it was felt that an EIS is required because . . . the new wastewater treatment facility exceeds a stated threshold of 'less than 500,000 [gpd]' for a 'new surface discharge facility'," and the "discharge to the Cullasaja River meets an exception to the minimum criteria as stated in .0503(3) because the 'cumulative' effects of the discharge have not properly been considered by the Division." Also in the record of the OAH proceedings is a letter dated 18 April 1991, from Thornburg to James S. Lofton, Secretary of the North Carolina Department of Administration. Thornburg stated "[s]pecifically, I am requesting that you conduct a reconsideration of the April 3, 1991 decision by Dr. George Everett, Director of the Division of Environmental Management, that no environmental review document would be prepared for the modification of NPDES Permit No. 0021407."

On 27 and 31 March 1992, DEHNR and Highlands filed motions to dismiss the petition as untimely. On 16 July 1992, Judge Robert D. Lewis entered an order concluding that "the conflicts in the law . . . provide good cause for the Superior Court to accept this 'untimely petition' "; however, because "[p]etitioners failed to allege any [of their] substantial rights [were] prejudice[d] in accordance

with G.S. 150B-51," the trial court allowed petitioners' petition only to determine whether they should be allowed to present new evidence pursuant to N.C. Gen. Stat. § 150B-49.

Petitioners submitted two reports (the Maas report and the McLarney report) that conclude the potential exists for an adverse environmental impact resulting from the permit modification. Highlands, DEHNR, and the DEM presented the affidavit of J. Trevor Clements (Clements), Assistant Chief of the DEM, Water Quality Section, who stated that he supervised the DEM's water quality wasteland allocation studies relating to the Cullasaja River, including the computer modeling. He concluded that "there is very little difference between the DEM's water quality data and modeling assumptions and Dr. Maas' data," and that "[u]sing the Maas data did not produce any difference in the effluent limitations which resulted from the application of the computer model." Highlands, DEHNR, and the DEM also presented the affidavit of Trish Finn MacPherson (MacPherson), an Environmental Biology Supervisor employed by the DEM, Water Quality Section. She stated that "[t]here is very little difference between the results of Dr. McLarney's study and the two studies conducted by the DEM in December, 1990 and October, 1991."

---

The issues presented are whether (I) the trial court erred in concluding that the reports tendered by petitioners did not constitute new non-cumulative evidence material to the issues that could not reasonably have been presented at the administrative hearing so that the taking of additional evidence on remand under N.C. Gen. Stat. § 150B-49 is not warranted; and (II) petitioners' petition is sufficiently specific to obtain judicial review under N.C. Gen. Stat. § 150B-43 where petitioners did not specifically state in their petition what exceptions are taken to the agency decision or how their substantial rights are prejudiced by any errors of the agency decision under N.C. Gen. Stat. § 150B-51.

I

[1] N.C. Gen. Stat. § 150B-49 provides:

[a]n aggrieved person who files a petition in the superior court may apply to the court to present additional evidence. If the court is satisfied that the evidence is material to the issues, is not merely cumulative, and could not reasonably have been

presented at the administrative hearing, the court may remand the case so that additional evidence can be taken. If an administrative law judge did not make a recommended decision in the case, the court shall remand the case to the agency that conducted the administrative hearing . . . .

N.C.G.S. § 150B-49 (1991). Because, under Section 150B-49, the trial judge sits as factfinder to determine whether the "new" evidence proffered by the moving party is "material to the issues, is not merely cumulative, and could not reasonably have been presented at the administrative hearing," "his findings of fact are binding [on appeal] if they are supported by any competent evidence in the record . . . ." *Williamson v. Savage*, 104 N.C. App. 188, 193, 408 S.E.2d 754, 757 (1991) (*quoting R. L. Coleman & Co. v. City of Asheville*, 98 N.C. App. 648, 651, 392 S.E.2d 107, 108-09, *disc. rev. denied*, 327 N.C. 432, 395 S.E.2d 689 (1990) ). In this case, there is competent evidence in the record, the affidavits of MacPherson and Clements, to support the findings that "the proposed evidence is cumulative and not materially different from that considered by the administrative agency when the decisions were made." Therefore, the trial court did not err in denying petitioners' petition for remand to the DEM for the taking of additional evidence pursuant to N.C. Gen. Stat. § 150B-49.

## II

[2] Although petitioners are not entitled for a remand to the DEM for the taking of additional evidence, they are entitled to judicial review. Our Court recently clarified the procedure third parties are to follow when challenging an agency decision. Third parties do not have the right to a contested case hearing to challenge an administrative decision concerning an NPDES permit, *Citizens for Clean Industry, Inc. v. Lofton*, 109 N.C. App. 229, 234, 427 S.E.2d 120, 123 (1993); however, pursuant to Section 143-215.5 of Article 21 which states that "Article 4 of Chapter 150B of the General Statutes governs judicial review of a final decision of the Secretary or of an order of the Commission under this Article . . . ," they are entitled to judicial review under N.C. Gen. Stat. § 150B-43. N.C.G.S. § 143-215.5 (Supp. 1992); *see Empire Power Co. v. North Carolina Dep't of Env't, Health & Natural Resources*, 112 N.C. App. 566, 436 S.E.2d 594 (1993) (third parties entitled to judicial review of DEHNR's decision to grant air quality permit).

SAVE OUR RIVERS, INC. v. TOWN OF HIGHLANDS

[113 N.C. App. 716 (1994)]

Section 150B-43 provides that

> [a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute . . . .

N.C.G.S. § 150B-43 (1991). Petitioners qualify as aggrieved persons because SORI is a non-profit corporation composed of residents of Macon County, North Carolina, who use the Cullasaja River for recreational, religious, and other purposes, and the individual petitioners own land adjoining the Cullasaja River below Highlands. *See* N.C.G.S. § 150B-2(6) (1991) (aggrieved person is any person directly or indirectly affected substantially in his person, property, or employment by administrative decision); *Empire*, 112 N.C. App. at 571, 436 S.E.2d at 598. DEHNR's decision to modify Highlands' permit is a "final decision" because Highlands did not challenge DEHNR's decision within 30 days after DEHNR notified Highlands of the permitting decision so it became "final and . . . not subject to review" under N.C. Gen. Stat. § 143-215.1(e) (1993). *See Empire*, 112 N.C. App. at 572, 436 S.E.2d at 598. Furthermore, the decision making process of holding a public hearing, receiving public comments, and conducting water quality modeling constitutes a "contested case," N.C.G.S. § 150B-2(2) (1991); *see Empire*, 112 N.C. App. at 572, 436 S.E.2d at 598, and petitioners have exhausted their only available administrative remedy by participating in the agency's decision making process.

Highlands, DEHNR, and the DEM contend, however, that despite petitioners' ability to fulfill the requirements for judicial review under Section 150B-43, they are not entitled to such review because their petition did not "explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks" under N.C. Gen. Stat. § 150B-46 (1991). We disagree.

Section 150B-46 does require that a party aggrieved by a final agency decision "specifically set out . . . [the exceptions to the agency decision] in the party's petition for judicial review." *O.S. Steel Erectors v. Brooks*, 84 N.C. App. 630, 632, 353 S.E.2d 869, 871 (1987). "There is no requirement to note exceptions on the agency decision itself." *Id.* These requirements, however, are to

be given a liberal construction in order to effectuate and preserve a third party's right to judicial review of an administrative decision under Section 150B-43. *See Brooks*, 84 N.C. App. at 632, 353 S.E.2d at 872 (statements in petition that petitioner "excepts to each of the . . . findings of fact and conclusions of law" made by agency sufficient for superior court review of whole record under 150A-51(5) ); *Vann v. North Carolina State Bar*, 79 N.C. App. 173, 339 S.E.2d 97 (1986) (liberally construing Section 150A-46, predecessor to Section 150B-46 and containing similar language); *James v. Board of Educ.*, 15 N.C. App. 531, 190 S.E.2d 224, *appeal dismissed*, 282 N.C. 672, 194 S.E.2d 151 (1972) (liberally construing Section 143-310 to preserve and effectuate primary purpose of statute which is to confer right to review).

In this case, petitioners' petition for judicial review, which includes the attached record of the OAH proceedings, sufficiently identifies the exceptions petitioners have to the agency decision. In reviewing the attached record, petitioners are obviously challenging the agency's failure to perform an environmental assessment before modifying Highlands' permit because the agency determined the modification was a "minor construction activity." Therefore, the trial court erred in allowing petitioners' petition only for the purposes set forth in Section 150B-49 rather than reviewing the agency's decision under Section 150B-51.

DEHNR, DEM, and Highlands also argue that in order to be entitled to judicial review, petitioners must allege in their petition "that the agency's final decision may have prejudiced [their] substantial rights in that the agency's findings, inferences, conclusions, or decisions are defective because of one of the six reasons stated under G.S. 150B-51." We reject this argument because although the party alleging error has the burden of making such a showing at trial, *Pamlico Tar River Found. v. Coastal Resources Comm'n*, 103 N.C. App. 24, 28, 404 S.E.2d 167, 170 (1991), nothing in Sections 150B-43, 150B-46, or 150B-51 require that the party, in order to obtain judicial review pursuant to Section 150B-43, must allege in its petition the particular reason under Section 150B-51(b) which is the basis for reversing or modifying the agency decision.

We therefore remand to the trial court for judicial review, pursuant to Sections 150B-43 and 150B-51, of the agency's finding that the permit modification represented a "minor construction

activity" so that an environmental assessment was unnecessary. At this hearing, petitioners have "the burden of showing that the agency's final decision may have prejudiced . . . [their] substantial rights in that the agency's findings, inferences, conclusions, or decisions are defective because of one of the six reasons stated under N.C.G.S. § 150B-51." *Pamlico*, 103 N.C. App. at 28, 404 S.E.2d at 170.

Affirmed in part, reversed in part, and remanded.

Judges COZORT and ORR concur.