JOHN C. BROOKS, COMMISSIONER OF LABOR OF NORTH CAROLINA v. ANSCO & ASSOCIATES, INC.

No. 9310SC692

(Filed 17 May 1994)

1. **Administrative Law and Procedure § 72 (NCI4th) — final agency decision — appellate review — scope of review**

   *De novo* review is required where it is alleged that an agency's decision was based upon an error of law; review is conducted under the whole record test where it is alleged that the agency's decision is not supported by substantial

evidence. An error of law exists as that term is used in N.C.G.S. § 150B-51(b)(4) if a conclusion of law entered by the administrative agency is not supported by the findings of fact entered by the agency or if the conclusion of law does not support the decision of the agency.

**Am Jur 2d, Administrative Law §§ 769-774.**

2. **Labor and Employment § 34 (NCI4th)— collapsed trench— OSHA regulations—violation not willful**

The findings of the North Carolina Safety and Health Review Board that defendant's actions were willful were not supported by the findings of facts in an action arising from the collapse of an excavation where the findings reveal that defendant knew of the applicable standards and had knowledge, by imputation from its area supervisor, of conditions violative of the standards, but there were no findings that defendant possessed a state of mind that would constitute an intentional disregard or plain indifference to the standards, nor can any such state of mind be implied from the findings. However, the findings do support a conclusion that the violation was serious. N.C.G.S. § 95-127(18).

**Am Jur 2d, Plant and Job Safety §§ 94-119.**

Judge JOHN concurring in the result.

Appeal by defendant from order filed 22 February 1993 in Wake County Superior Court by Judge Gregory A. Weeks. Heard in the Court of Appeals 11 March 1994.

*Michael F. Easley, Attorney General, by Ralf F. Haskell, Special Deputy Attorney General, Franklin Scott Templeton, Associate Attorney General, and Linda Kimbell, Associate Attorney General, for the State.*

*Tuggle, Duggins & Meschan, P.A., by Joseph F. McNulty, Jr., for petitioner-appellant.*

GREENE, Judge.

Ansco & Associates, Inc. (Ansco) appeals from a superior court order affirming the decision of the North Carolina Safety and Health Review Board (the Review Board) upholding the classification of citations for violations of the excavation and shoring standards

set forth in 29 C.F.R. 1926.651(c) & (f) as willful and imposing an $8,000 fine.

On 14 November 1989, a three-man crew of Ansco's was preparing a 12 to 13 foot deep, 32 foot long, and 13 to 16 foot wide excavation for the installation of a communications environmental vault under the supervision of job site foreman Scott Marion (Marion). Marion and his men entered the excavation and, with later assistance from additional workers, constructed a shoring system consisting of heavy timbers, cross-braces, and wooden panels around the walls of the excavation. Subsequent to the completion of the shoring system, Marion and two other workers were levelling gravel at the bottom of the excavation, when one of the heavy timbers snapped and one side of the shoring system collapsed, trapping Marion beneath the dirt and broken timbers. Marion suffered a broken leg and a broken pelvis, but subsequently returned to work for Ansco.

Following an investigation into this accident, Ansco received a "Citation and Notification of Penalty" from the North Carolina Department of Labor's Division of Occupational Safety and Health. Ansco was cited for willful violations of two occupational safety and health standards (OSHA standards), specifically, 29 C.F.R. 1926.651(c) (1989) for failing to have a shoring system in place while employees worked in the excavation and 29 C.F.R. 1926.651(f) (1989) for failing to have in place a shoring system which met accepted engineering requirements, and was fined $8,000. Because the violations were similar and involved related hazards, they were grouped together on the citation. Ansco contested the citation, admitting that the violations had occurred, but denying that they were "willful."

Pursuant to N.C. Gen. Stat. § 95-135(i) (1993), a hearing was held before an administrative law judge (ALJ). The ALJ upheld the designation of the violations as "willful," and Ansco, pursuant to N.C. Gen. Stat. § 95-135(i), petitioned the Review Board for review of the ALJ's decision. The Review Board made the following findings of fact:

10. [Ansco's] employees had been at this site for two or three days. The employees continually had problems with dirt coming into the trench overnight and each morning they would have to remove the dirt. On the second or third day, the foreman [Scott Marion] called for additional help with the excavation because of the dirt coming into the trench and because he felt it necessary to construct a shoring system in the trench.

. . . .

12. . . . Scott Marion called Bob Landreth, the supervisor, for additional help. Mr. Landreth did not personally come to the trench but did send John Marion, John Brewer and a new employee with the requested materials to construct the trench shoring. . . .

13. . . . The employees took two days in constructing the shoring inside the trench. On at least one occasion, the shored wall bowed inward and had to be dug out once more.

14. On November 14, 1989, between 4:00 and 5:00 P.M., while Fred Taylor, John Brewer and Scott Marion were in the trench, the trench caved in causing serious injury to Scott Marion.

. . . .

16. [Ansco] has a safety training program in place which includes weekly meeting and safety manuals. Some of the weekly safety meetings and written materials were specifically about proper methods of trench shoring and attendance sheets introduced by [Ansco] indicates and the Court finds that these specific employees were in attendance.

17. The Greensboro area supervisor, Bob Landreth, testified and the Court finds that he visited the job site at various times during construction although he could not remember if he was there during actual construction of the shoring inside the trench. . . . Mr. Landreth testified that although he could not recall specific training regarding shoring, the instructions were contained in the safety manual although he had not thoroughly read the manual . . . .

18. . . . [Landreth] acknowledged that the shoring did not meet the OSHA standards as set out in [Ansco's] own safety manual. He further testified that he believed the shoring to be safe and believed at the time that the shoring was in compliance with OSHA standards.

19. [Ansco] has acknowledged that the shoring constructed was not in compliance with the cited OSHA standards [in that] . . . the shoring was constructed inside the trench in violation of the standards.

. . . .

21. The critical elements of these facts are that although [Ansco] has an apparently adequate safety program in place which was designed to be communicated to its employees, these instructions did not get communicated in such a way that the knowledge reached the men who were actually engaged in shoring operations. It was obvious from the evidence and the Court finds that if [Ansco's] employees had followed their own safety manual, there would have been no accident or violation.

22. The Court finds that [Ansco] was aware of the standards. An issue then becomes whether or not the knowledge of the violation of these shoring standards should be imputed to [Ansco] through the job site foreman and the area supervisor. This Court finds that under these circumstances the knowledge of the violative condition by the area supervisor must be imputed to [Ansco].

Based upon these findings, the Review Board concluded that the violations were properly classified as "willful" and affirmed the ALJ's decision.

Ansco appealed the decision of the Review Board to the Superior Court of Wake County. On 19 February 1993, the Superior Court entered an order in which the court, "after reviewing the whole record," found and concluded that "[t]he Review Board's procedures were lawful and not affected by error," and affirmed the order of the Review Board.

———————————

The issue presented is whether the Review Board erred by upholding the classification of Ansco's violations as willful.

[1] Initially, we must determine the scope of review to be employed. Under N.C. Gen. Stat. § 150B-51(b), an appellate court, in reviewing the final decision of an agency may

reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51(b) (1991). *See Brooks, Comm'r of Labor v. McWhirter Grading Co.*, 303 N.C. 573, 581, 281 S.E.2d 24, 29 (1981) (appellate court reviews findings and conclusions of administrative agency); *Jarrett v. North Carolina Dep't of Cultural Resources*, 101 N.C. App. 475, 478, 400 S.E.2d 66, 68 (1991) (appellate court's scope of review governed by N.C. Gen. Stat. § 150B-51(b)); *O.S. Steel Erectors v. Brooks, Comm'r of Labor*, 84 N.C. App. 630, 634, 353 S.E.2d 869, 872 (1987) (Court of Appeals' scope of review limited to whether the findings and conclusions of the Review Board were supported by competent, material, and substantial evidence); *Walls & Marshall Fuel Co., v. North Carolina Dep't of Revenue*, 95 N.C. App. 151, 153, 381 S.E.2d 815, 817 (1989) (provisions of N.C. Gen. Stat. § 150B-51 govern Court of Appeals' review of administrative agency decision); *but see In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993) (appellate court's review limited to whether trial court committed any error of law).

The scope of this Court's review depends upon the error which was alleged to have occurred. *Walker v. North Carolina Dep't of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. rev. denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). Where it is alleged that the agency's decision was based upon an error of law, *de novo* review is required. *Brooks, Comm'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988). Where it is alleged the agency's decision is not supported by substantial evidence, or is arbitrary and capricious, review is to be conducted under the "whole record" test, *id.*, which requires the reviewing court to examine all competent evidence in the record, including that which detracts from the agency's decision, *Walker*, 100 N.C. App. at 503, 397 S.E.2d at 354, to determine if the agency's decision was supported by substantial evidence. *Rector v. North Carolina Sheriffs' Educ. and Training Standards Comm'n*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616 (1991).

Ansco in this case argues that the Review Board's decision was affected by an error of law and was unsupported by substantial evidence. Because we hold that the decision was affected by an

error of law, we do not address whether the decision is supported by substantial evidence.

An error of law, as that term is used in N.C. Gen. Stat. § 150B-51(b)(4), exists if a conclusion of law entered by the administrative agency is not supported by the findings of fact entered by the agency or if the conclusion of law does not support the decision of the agency. In this case, Ansco contends that the findings of the Review Board cannot support a conclusion that Ansco's violation of the OSHA standards was willful. We agree.

[2]    This Court has previously held that a violation of an OSHA standard is willful if the employer deliberately violates the standard. *O.S. Steel Erectors*, 84 N.C. App. at 632, 353 S.E.2d at 871. A deliberate violation is one "done voluntarily with either an intentional disregard of or plain indifference" to the requirements of the standard. Mark A. Rothstein, *Occupational Safety and Health Law* § 315, at 343 (3d ed. 1990) (hereinafter *Rothstein*); *see Intercounty Constr. Co. v. Occupational Safety and Health Review Comm'n*, 522 F.2d 777, 779-80 (4th Cir. 1975), *cert. denied*, 423 U.S. 1072, 47 L. Ed. 2d 82 (1976); Stephen A. Bokat & Horace A. Thompson III, *Occupational Safety and Health Law* 270-73 (1988) (hereinafter *Bokat*). An employer's knowledge of the standard and its violation, although not alone sufficient to establish willfulness, is one of the most effective methods of showing the employer's intentional disregard of or plain indifference to the standards. *Rothstein* § 315, at 341.

The Review Board's findings of fact in this case reveal that Ansco knew of the applicable standards and had knowledge, by imputation from its area supervisor, of conditions violative of the standards. *Bokat*, at 271; *Rothstein* § 106, at 146-47 (knowledge of employer's foreman and supervisor may in some instances be imputed to employer). There are no findings, however, that Ansco possessed a state of mind that would constitute an "intentional disregard of or plain indifference" to the standards, nor can any such state of mind be implied from the findings that were made by the Review Board. *See* N.C.G.S. § 95-135(i) (1993) (requiring the Review Board to enter findings of fact "on all the material issues of fact, law, or discretion presented on the record"); *see also Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (findings must reflect that trial court made "correct application of law"). Accordingly, because the findings of fact do not support

the conclusion that the actions of Ansco were willful, the Review Board's decision is affected by an error of law and must be reversed and remanded. The findings of the Review Board do, however, support a conclusion that the violations were serious, as that term is defined in N.C. Gen. Stat. § 95-127(18), and on remand, the violation must be so classified and a new penalty assessed by the Review Board.

Reversed and remanded.

Judge JOHNSON concurs.

Judge JOHN concurs in the result with separate opinion.

Judge JOHN concurring in the result.

I respectfully disagree with the majority's assertion that the standard of this Court's review is governed by application of N.C.G.S. § 150B-51(b) (1991) to the decision of the *Review Board.* Rather, the standard under N.C.G.S. § 150B-52 (1991) (providing for "appeal to the appellate division from the final judgment of the superior court") is "the same . . . as it is for other civil cases," *In re Kozy,* 91 N.C. App. 342, 344, 371 S.E.2d 778, 779-80 (1988), *disc. review denied,* 323 N.C. 704, 377 S.E.2d 225 (1989); that is, consideration of "whether the *trial court* committed any errors of law." *American Nat'l Ins. Co. v. Ingram,* 63 N.C. App. 38, 41, 303 S.E.2d 649, 651 (emphasis added) (citations omitted), *disc. review denied,* 309 N.C. 819, 310 S.E.2d 348 (1983).

Moreover, *Brooks, Com'r of Labor v. Grading Co.,* 303 N.C. 573, 579-81, 281 S.E.2d 24, 28-29 (1981) cited by the majority, itself relies heavily upon *Savings and Loan League v. Credit Union Comm.,* 302 N.C. 458, 463-64, 276 S.E.2d 404, 407-09 (1981). In that case, the Supreme Court remarked that the Court of Appeals "recogniz[ed] that its review was governed by [then] G.S. 150A-51," but then chided this Court for "fail[ing] to specify under which of the above listed standards it reviewed the decisions of the *superior court* and the Commission." *Id.* at 464, 276 S.E.2d at 409 (emphasis added). The *Savings and Loan League Court* thereafter began its own analysis by deciding whether the *superior court* applied the correct standard in reviewing the agency's actions. *Id.*

NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION

[114 N.C. App. 719 (1994)]

Nonetheless, because in the case *sub judice* appellant's assignment of error properly raises a question of law, *see Employment Security Com. v. Kermon*, 232 N.C. 342, 345, 60 S.E.2d 580, 583 (1950), which requires *de novo* review, *Brooks, Com'r. of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E.2d 342, 345 (1988), and because I believe the majority in conducting such a review has reached the proper conclusion in its opinion, I concur in the result therein.