ARTHUR VANN, III v. NORTH CAROLINA STATE BAR

No. 8510SC857

(Filed 4 February 1986)

**Administrative Law § 5; Attorneys at Law § 11— appeal from administrative decision—lack of specificity of petition**

    A petition for judicial review of the State Bar's denial of a petition for reinstatement to the Bar was properly dismissed where the petition for review failed to comply with the specificity requirements of N.C.G.S. § 150A-46.

APPEAL by petitioner from *Bailey, Judge.* Judgment entered 10 June 1985. Heard in the Court of Appeals 14 January 1986.

Petitioner (Vann) sought review in the superior court of respondent's denial of Vann's petition for reinstatement to the Bar. Respondent moved to dismiss Vann's petition and, following a hearing, the trial court allowed respondent's motion. From the trial court's order dismissing his petition, Vann has appealed to this Court.

*Arthur Vann, III, pro se.*

*A. Root Edmonson for respondent-appellee.*

WELLS, Judge.

In its motion to dismiss, respondent asserted that in his petition for review, Vann failed to file a brief as required in administrative appeals to the Superior Court of Wake County and therefore respondent lacked adequate notice of the errors allegedly made by respondent in its proceeding in this matter. In its order, the trial court found that Vann had failed to file the required brief and also found that Vann's petition lacked the specificity required in such appeals by N.C. Gen. Stat. § 150A-46 (1983). We agree that Vann's petition did not meet the statutory requirements and affirm the trial court's order.

Article 4 of Chapter 150A, N.C. Gen. Stat. §§ 150A-43 through -52 (1983), makes provisions for judicial review of final agency decisions in contested cases. Section 46 of the statute provides that petitions for judicial review "shall explicitly state what exceptions are taken to the decision or procedure of the agency . . . ." *Webster's Third New International Dictionary* 801 (1976)

defines "explicit" as "characterized by full clear expression: being without vagueness or ambiguity: leaving nothing implied." In his petition, Vann did not except to any finding of fact or conclusions of law, but made only generalized complaints as to certain procedural aspects of the hearing before respondent. Giving the statute the liberal construction required to effectuate and preserve Vann's right to judicial review of respondent's order, *see In re Appeal of Harris,* 273 N.C. 20, 159 S.E. 2d 539 (1968) and *James v. Board of Education,* 15 N.C. App. 531, 190 S.E. 2d 224, *appeal dismissed,* 282 N.C. 672, 194 S.E. 2d 151 (1972), we nevertheless conclude that Vann's petition was not sufficiently explicit to allow effective judicial review of respondent's proceedings.

In his brief to this Court, Vann contends that his allegation that respondent conducted its hearing pursuant to the "new" Rules of the N.C. State Bar, Art. IX, § 25 (1984) rather than under the "applicable" or "old" Rules, Art. IX, § 25 (1975) was explicit enough to merit judicial review. Vann has not seen fit to point out or explain what the differences are, if any, in the "new" and "old" Rules, nor has he suggested how he may have been prejudiced in this respect. Vann follows this argument by references to Paragraph 8.B of his petition arguing it as being a "corollary" to his "new" Rule versus "old" Rule argument. Paragraphs 8.A & B read as follows:

> 8. Petitioner respectfully excepts to the committee's report which was the basis upon which the North Carolina State Bar Council rejected Petitioner's Reinstatement Petition on the following grounds:

> A. That the committee placed the Petitioner under the new rules of the Bar rather than the old rules for reinstatement even though both parties agreed that the old rules should apply.

> B. That the chairman continually applied a different standard than that set forth by the bar as shown in his questioning of every witness presented.

Such generalized statements characterize the deficiencies of Vann's petition. We reject these arguments.

Vann also argues that the trial court erred in concluding that his petition should be dismissed for his failure to file a brief in

accordance with the Rules of Procedure of the Tenth Judicial District (local rules), contending that he was not properly apprised of the need to file such a brief. Because we have held that the trial court properly dismissed Vann's petition on other grounds, we deem it unnecessary to reach or decide this question.

Affirmed.

Judges ARNOLD and WEBB concur.