SAVE OUR RIVERS, INC. v. TOWN OF HIGHLANDS

[341 N.C. 635 (1995)]

---

SAVE OUR RIVERS, INC., AND JOHNNY R. WALKER, MARY E. WALKER, HELEN C. BAYLEY, GEORGE G. LANERI, ELIZABETH C. LANERI, PAT THOMPSON, DOUG THOMPSON, MORRIS BRYSON, JANICE McCLURE, ALENE MUNGER, KIM THOMPSON, EUNICE QUEEN, JOHN NORTHERN, JOYCE NORTHERN, NELLIE CARPENTER, CHRISTINE WEBB, BUTCH DEAL, W. M. MOSES, JAMES STEPHEN RABY, PEARL MOSES, BETA TILSON, HALLIE STILES, JACK McEACHIN, CLAIRE McEACHIN, JOSEPH J. JOHNSON, RUTH C. JOHNSON, ROBERT WATERS, JAMES BOWSER, PAUL E. GEER, FLORENCE GEER, CAROLINE RONEY, DANNY McDOWELL, VIRGIL L. WATKINS, ROSALIE K. WATKINS, RANDY KUSHIN, ROBERT J. WILLIAMS AND MARY EDWARDS, PETITIONERS v. TOWN OF HIGHLANDS, N.C. DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES, DIVISION OF ENVIRONMENTAL MANAGEMENT, AND JONATHAN B. HOWES, SECRETARY, RESPONDENTS

No. 166PA94

(Filed 8 September 1995)

**Administrative Law and Procedure § 63 (NCI4th)— modification of wastewater discharge permit—insufficient petition for contested case hearing**

Petitioners were not entitled to a contested case hearing by the Office of Administrative Hearings (OAH) of a decision of the

Division of Environmental Management (DEM) granting a modification of respondent town's permit to discharge wastewater into a river to allow the relocation of its wastewater treatment plant because petitioners failed to satisfy the requirement of N.C.G.S. § 150B-46 that the petition explicitly state what exceptions are taken to the decision where the petition requested only that petitioners be allowed to present further evidence as to the adverse environmental impact on the river and surrounding area; this question was determined by the superior court; and the petition did not state that petitioners challenged the decisions of the DEM not to prepare an environmental impact review and to authorize relocation of the plant. This requirement of N.C.G.S. § 150B-46 was not met because petitioners attached to the petition the record of the OAH proceedings which identifies petitioners' exceptions to the agency's decision where the OAH proceedings were not made a part of the record on appeal.

**Am Jur 2d, Administrative Law §§ 562-564.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 113 N.C. App. 716, 440 S.E.2d 334 (1994), reversing an order dismissing the petitioners' petition to obtain judicial review under N.C.G.S. § 150B-43 by Lewis (Robert D.), J., at the 13 July 1992 Session of Superior Court, Macon County. Heard in the Supreme Court 10 January 1995.

This case involves the issuance by the Division of Environmental Management (DEM) of the North Carolina Department of Environment, Health, and Natural Resources (DEHNR) of a modification of a permit to the Town of Highlands (Highlands or Town) to discharge wastewater into the Cullasaja River. On 21 January 1986, Highlands was granted a modification of its then existing permit to increase the capacity of its wastewater treatment plant (WWTP) from 248,000 gallons per day (gpd) to 500,000 gpd. The permit was also modified to allow Highlands at a later date to discharge its effluent into Cullasaja River below the dam at Lake Sequoyah as well as into Mill Creek, which is a tributary to Lake Sequoyah. In 1988 the permit was renewed.

In October 1990, Highlands applied to the DEM to have the permit modified to allow the Town to relocate the WWTP to a site near the

Cullasaja discharge point. A public hearing was held at which some of the petitioners appeared. Because this modification did not affect the amount or point of discharge already allowed, the DEM determined that it was a "minor construction activity" under the rules of the Environmental Management Commission. For this reason, the DEM found "no significant impact" and concluded no environmental assessment or environmental impact statement was required. It issued the permit modification on 3 April 1991.

On 1 May 1991, Save Our Rivers, Inc., filed a petition for a contested case hearing with the Office of Administrative Hearings (OAH). The respondents petitioned the Superior Court, Wake County, for a writ of certiorari, which was granted. The superior court then ordered the OAH to dismiss the petition on the ground the petitioners did not have a right to a contested case hearing by the OAH. On 3 August 1993, the Court of Appeals affirmed the order of the superior court in an unpublished opinion. *Town of Highlands v. Save Our Rivers, Inc.*, 111 N.C. App. 458, 434 S.E.2d 252 (1993).

On 28 February 1992, the petitioners petitioned the Superior Court, Macon County, for review pursuant to N.C.G.S. § 150B-43. Judge Robert D. Lewis accepted the petition although it was not timely filed and ruled that the only question raised by the petition was whether the case should be remanded to take further evidence. Judge Lewis held that the evidence the petitioners desired to introduce was not new, noncumulative evidence material to the issues. N.C.G.S. § 150B-49 (1987). He denied the petitioners' petition.

The Court of Appeals affirmed the portion of the order of superior court which held the petitioners could not present further evidence. It reversed that part of the order which held the appellees had not petitioned for judicial review of the issuance of an amended permit.

We granted discretionary review.

*Roberts Stevens & Cogburn, P.A., by William Clarke, for petitioner-appellees.*

*Michael F. Easley, Attorney General, by Daniel F. McLawhorn, Special Deputy Attorney General, and David W. Berry, Associate Attorney General, for respondent-appellees North Carolina Department of Environment, Health, and Natural Resources, Division of Environmental Management; and Jonathan B. Howes, Secretary.*

*John C. Hunter for respondent-appellant Town of Highlands.*

**SAVE OUR RIVERS, INC. v. TOWN OF HIGHLANDS**

[341 N.C. 635 (1995)]

WEBB, Justice.

We note that the holding of the Court of Appeals in this case that the petitioners did not have the right to a contested case hearing in the OAH has been overruled in *Empire Power Co. v. N.C. Dept. of E.H.N.R.*, 337 N.C. 569, 447 S.E.2d 768, *reh'g denied*, 338 N.C. 314, 451 S.E.2d 634 (1994). There was no appeal in this case from the decision of the Court of Appeals. Although we now know it was erroneous, the holding of the Court of Appeals is *res judicata* and is the law of this case. *King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973).

The question posed by this appeal is whether the petitioners in their petition to the superior court from the order of the DEM brought forward for review any question other than the petitioners' right to present additional evidence. We hold that they did not do so.

N.C.G.S. § 150B-46 provides, "[t]he petition shall explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks." N.C.G.S. § 150B-46 (1991). The petitioners say in their petition that the modification to the permit was granted "without any evaluation of potential adverse impacts on the environment of the Cullasaja River and Macon County and without any evaluation of alternative methods of wastewater treatment." They also say:

> 6. Petitioners bring this action now to protect and preserve their right to have the substantive issues herein reviewed by the Superior Court.
>
> 7. Petitioners are prepared to present evidence and would request that they be allowed to present evidence in connection with this Petition as authorized by NCGS 150B-49, to show that the potential for adverse impact on the environment of the Cullasaja River does exist if the Town of Highlands is allowed to proceed with the construction and operation of the Wastewater Treatment Plant.

In the prayer for relief, the petitioners said:

> WHEREFORE, Petitioners respectfully request that this Petition be allowed and that Petitioners be allowed to present additional evidence as to the potential adverse environmental impact on the Cullasaja River and that construction of and discharge from the proposed wastewater treatment plant of the Town of Highlands be stayed pending resolution of this matter.

As we read the petition, the only thing the petitioners requested was to be allowed to present further evidence. This question was determined by the superior court. The petitioners say at one place that the modified permit was issued without any evaluation of a potential adverse impact on the environment of the river and Macon County and at another place that they want to preserve the substantive issues for review. They do not say, however, that they challenge the decision of the DEHNR to authorize the construction of the plant or the decision of the DEM not to prepare an environmental review for the permit modification.

With respect to the second requirement of the statute, that the petition contain a statement as to what relief the petitioners seek, they asked only that they be allowed to present additional evidence. The petition does not satisfy the requirement of N.C.G.S. § 150B-49, that the petitioners explicitly state their exceptions to the proceedings. *See Vann v. N.C. State Bar*, 79 N.C. App. 173, 339 S.E.2d 97 (1986).

The petitioners contend and the Court of Appeals found that the requirements of N.C.G.S. § 150B-46 were met because the petitioners attached to the petition the record of the OAH proceedings which sufficiently identifies the petitioners' exceptions to the agency's decision. The Court of Appeals said it was obvious the petitioners were attacking the "agency's failure to perform an environmental assessment before modifying Highlands' permit because the agency determined the modification was a 'minor construction activity.'" *Save Our Rivers, Inc. v. Town of Highlands*, 113 N.C. App. 716, 724, 440 S.E.2d 334, 339. The difficulty for us is that the OAH proceedings were not made a part of the record on appeal. We cannot consider them. N.C. R. App. P. 9; *State v. Hedrick*, 289 N.C. 232, 221 S.E.2d 350 (1976).

For the reasons stated in this opinion, we reverse that part of the decision of the Court of Appeals which holds the petitioners are entitled to further judicial review.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.